**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

YOLANDA BASQUEZ, Plaintiff,

v.

CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, Defendant.

No. CV 12-5334-PLA

**MEMORANDUM OPINION AND ORDER**

**I.**

**PROCEEDINGS**

Plaintiff filed this action on June 21, 2012, seeking review of the Commissioner's denial of her application for Supplemental Security Income payments. The parties filed Consents to proceed before the undersigned Magistrate Judge on July 13, 2012. Pursuant to the Court's Order, the parties filed a Joint Stipulation on February 28, 2013, that addresses their positions concerning the disputed issue in the case. The Court has taken the Joint Stipulation under submission without oral argument.

/

/

## II.

## BACKGROUND

Plaintiff was born on August 1, 1956. [Administrative Record ("AR") at 30.] She has at least a sixth grade education [AR at 80, 609],[1] and has no past relevant work. [AR at 22.]

On November 17, 2004, plaintiff protectively filed an application for Supplemental Security Income payments,[2] alleging that she has been unable to work since August 2, 2001,[3] due to hepatitis C, arthritis, problems with her back, right shoulder, and left arm, and depression. [AR at 32-33, 50-55, 67-69, 135-38.] After her application was denied initially and on reconsideration, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). [AR at 43-60.] A hearing was held on August 25, 2009, at which time plaintiff's counsel appeared on her behalf and a vocational expert testified. [AR at 597-604.] On September 11, 2009, the ALJ determined that plaintiff was not disabled. [AR at 564-72.] Plaintiff requested review of that decision. On August 11, 2010, the Appeals Council granted plaintiff's request for review, vacated the ALJ's decision, and remanded to the ALJ for further administrative proceedings. [AR at 559-60.] On December 6, 2010, a second hearing before the ALJ was held, at which time plaintiff appeared with counsel and testified on her own behalf. The same vocational expert also testified. [AR at 605-27.] On January 7, 2011, the ALJ again determined that plaintiff was not disabled. [AR at 17-23.] On April 19, 2012, the Appeals Council denied plaintiff's request for review. [AR at 9-13.] This action followed.

/

---

[1] Plaintiff testified at an administrative hearing that the highest grade in school she completed was the sixth grade [AR at 609], but indicated on a disability report in connection with an earlier application for Supplemental Security Income payments that she completed the eighth grade. [AR at 80.]

[2] Plaintiff also previously filed an application for Supplemental Security Income payments, which was denied. [AR at 608.]

[3] Plaintiff's application reflects an alleged disability onset date of January 1, 1996 [AR at 67], but her attorney clarified at an administrative hearing that her alleged onset date is actually August 2, 2001. [AR at 17, 608.]

## III.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards. Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, the term "substantial evidence" means "more than a mere scintilla but less than a preponderance -- it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." Moncada, 60 F.3d at 523; see also Drouin, 966 F.2d at 1257. When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering both adverse and supporting evidence. Drouin, 966 F.2d at 1257; Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Where the evidence is susceptible to more than one rational interpretation, the Court must defer to the decision of the Commissioner. Moncada, 60 F.3d at 523; Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995); Drouin, 966 F.2d at 1258.

## IV.

## THE EVALUATION OF DISABILITY

Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or which has lasted, or is expected to last, for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A); Drouin, 966 F.2d at 1257.

### A. THE FIVE-STEP EVALUATION PROCESS

The Commissioner (or ALJ) follows a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 C.F.R. § 416.920; Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996). In the first step, the Commissioner must determine whether

the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied. Id. If the claimant is not currently engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting her ability to do basic work activities; if not, a finding of nondisability is made and the claim is denied. Id. If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R., Part 404, Subpart P, Appendix 1; if so, disability is conclusively presumed and benefits are awarded. Id. If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity" to perform her past work; if so, the claimant is not disabled and the claim is denied. Id. The claimant has the burden of proving that she is unable to perform past relevant work. Drouin, 966 F.2d at 1257. If the claimant meets this burden, a prima facie case of disability is established. The Commissioner then bears the burden of establishing that the claimant is not disabled, because she can perform other substantial gainful work available in the national economy. The determination of this issue comprises the fifth and final step in the sequential analysis. 20 C.F.R. § 416.920; Lester, 81 F.3d at 828 n.5; Drouin, 966 F.2d at 1257.

**B. THE ALJ'S APPLICATION OF THE FIVE-STEP PROCESS**

In this case, at step one, the ALJ determined that plaintiff had not engaged in any substantial gainful activity since the application date, November 17, 2004. [AR at 19.] At step two, the ALJ concluded that plaintiff has the following severe impairments: degenerative disc disease of the lumbar spine with chronic pain complaints; a history of hepatitis C with cirrhosis; and alcohol and heroin abuse, in stated remission. [Id.] At step three, the ALJ determined that plaintiff's impairments do not meet or medically equal any of the impairments in the Listing. [Id.] The ALJ

further determined that plaintiff retained the residual functional capacity ("RFC")[4] to perform the full range of "medium work" as defined in 20 C.F.R. § 416.967(c).[5] [AR at 20.] At step four, the ALJ concluded that plaintiff has no past relevant work. [AR at 22.] At step five, the ALJ found, based on the vocational expert's testimony and the application of the Medical-Vocational Guidelines, that "there are jobs that exist in significant numbers in the national economy that [plaintiff] can perform." [Id.] Accordingly, the ALJ determined that plaintiff has not been under a disability since November 17, 2004, the date the application was filed. [AR at 23.]

## V.

## THE ALJ'S DECISION

Plaintiff contends that the ALJ improperly rejected examining physician Dr. Bryan To's opinion that plaintiff can only occasionally bend, crouch, kneel, crawl, and stoop. Plaintiff argues that because the ALJ did not give any reasons to reject this opinion, and also did not incorporate Dr. To's opinion into the ALJ's RFC determination, substantial evidence does not support the ALJ's determination that plaintiff can perform the jobs of kitchen helper and farm worker, which require more than occasional bending, crouching, kneeling, crawling, or stooping. [Joint Stipulation ("JS") at 5-8, 12-13.]

Defendant argues that any error by the ALJ in failing to incorporate the limitations posited by Dr. To into plaintiff's RFC for medium work is harmless because at the August 25, 2009, administrative hearing, the vocational expert ("VE") testified that an individual with an RFC for *light* work and *with* the postural limitations Dr. To opined plaintiff has, can perform the jobs of inspector-grader and laundry worker. [JS 8-12.]

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who

---

[4] RFC is what a claimant can do despite existing exertional and nonexertional limitations. See Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

[5] 20 C.F.R. § 416.967(c) defines "medium work" as work that involves "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds."

examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining physicians). See 20 C.F.R. §§ 404.1502, 404.1527, 416.902, 416.927; see also Lester, 81 F.3d at 830. "The opinion of an examining physician is ... entitled to greater weight than the opinion of a nonexamining physician." Lester, 81 F.3d at 830. The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician, and specific and legitimate reasons supported by substantial evidence in the record to reject the contradicted opinion of an examining physician. See id. at 830-31. The ALJ "must set forth his own interpretations and explain why they, rather than the doctors', are correct." Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998).

On February 26, 2005, Dr. Bryan To performed a physical and a neurological examination of plaintiff in connection with an internal medicine evaluation. Dr. To diagnosed plaintiff with "[l]ow back pain"; rheumatoid arthritis in her joints, neck, shoulders, elbows, hands, and knees; and hepatitis C. He opined that plaintiff is limited to, among other things, occasional bending, crouching, kneeling, crawling and stooping. [AR at 219-23.]

At the August 25, 2009, administrative hearing, the ALJ asked the VE whether an individual with plaintiff's characteristics, an RFC for light work, and additional limitations to only "occasional climbing, balancing, stooping, kneeling, crouching and crawling[,] and to simple repetitive tasks," could perform any jobs that exist in significant numbers in the national economy. [AR at 600.] The VE testified that such an individual could perform the jobs of agricultural inspector-grader (Dictionary of Occupational Titles ("DOT") No. 409.687-010) and laundry worker (DOT No. 302.685-010). [AR at 600-01.] The ALJ asked the VE whether her opinions concerning those jobs were "based on the DOT and other vocational resources identified in the Regulations for determining disability," to which the VE answered, "Yes." [AR at 601.]

In the ALJ's September 11, 2009, decision (the "2009 decision"), the ALJ discussed Dr. To's opinion and concluded that his opinion concerning plaintiff's limitations was "fully credible." [AR at 568, 570.] The ALJ determined that plaintiff had an RFC for light work "except for limitation to occasional climbing, balancing, stooping, kneeling, crouching, crawling, and simple, repetitive

tasks." [AR at 566-67.] Relying on the VE's testimony at the August 25, 2009, hearing, the ALJ concluded that plaintiff could perform the jobs of agricultural inspector-grader and laundry worker, and therefore was not disabled. [AR at 571.]

After the Appeals Council vacated the ALJ's 2009 decision and remanded the matter back to the ALJ [see AR at 559-60], the ALJ held another hearing -- on December 6, 2010. At that hearing, the ALJ asked the same VE whether an individual with plaintiff's characteristics and an RFC for *medium* work could perform any jobs that exist in significant numbers in the national economy. The hypothetical did *not* include limitations to occasional bending, crouching, kneeling, crawling, and stooping. [See AR at 625-26.] The VE testified that such an individual could perform the jobs of kitchen helper (DOT No. 318.687-010) and farm worker (DOT No. 402.687-010). [AR at 626.]

In her January 7, 2011, decision, the ALJ found that plaintiff has an RFC for the full range of medium work. [AR at 20.] Then, at step five of the five-step process, the ALJ concluded based on the VE's testimony that plaintiff can perform the jobs of kitchen helper and farm worker, and therefore determined that plaintiff is not disabled. [AR at 22-23.] At the same time, the ALJ stated in her decision that "[t]he summary of the medical and non-medical evidence contained in the prior decision issued on September 11, 2009 is hereby incorporated except to the extent it is specifically modified or supplemented by this decision." [AR at 17.]

In reaching her conclusion in the instant decision, the ALJ did not discuss Dr. To's opinion at all, nor did she incorporate into plaintiff's RFC Dr. To's opinion that plaintiff can only occasionally bend, crouch, kneel, crawl, and stoop. The ALJ did not explain why she adopted Dr. To's opinion in the 2009 decision, but did not adopt it in the instant decision, or why she rejected Dr. To's opinion in the instant decision after finding him "fully credible" in the 2009 decision. [See AR at 20-22.] The ALJ's failure to provide specific and legitimate reasons for rejecting Dr. To's opinion[6] was improper (see Lester, 81 F.3d at 830-31), and therefore renders the ALJ's RFC

---

[6] Dr. To's opinion that plaintiff is limited to occasional bending, crouching, kneeling, crawling and stooping, contradicts the opinion of examining physician Dr. Kristof Siciarz, who opined on June 29, 2007, that plaintiff has an RFC for medium work with no finding of any postural

determination unsupported by substantial evidence.[7] As plaintiff points out, this error undermines the ALJ's conclusion that plaintiff is not disabled because the ALJ reached that conclusion based on her finding that plaintiff can perform the jobs of kitchen helper and farm worker, both of which require frequent stooping and crouching. See DOT No. 318.687-010, DOT No. 402.687-010; see also Pinto v. Massanari, 249 F.3d 840, 845-46 (9th Cir. 2001) ("the best source for how a job is generally performed is usually the Dictionary of Occupational Titles") (internal citation omitted); Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995) (the DOT raises a presumption as to job classification requirements).

Defendant contends that to the extent the ALJ erred by omitting Dr. To's postural limitations from plaintiff's RFC, such error was harmless. [JS at 11-12.] Specifically, defendant points out that the VE testified at the first administrative hearing that an individual with an RFC for light work *and* with the postural limitations Dr. To opined plaintiff has can perform the jobs of inspector-grader and laundry worker. Defendant therefore argues that even if the postural limitations posited by Dr. To were incorporated into plaintiff's current RFC, plaintiff could perform these light work jobs because: (1) plaintiff's current RFC is for a full range of medium work, and 20 C.F.R. § 416.967(c) states that "[i]f someone can do medium work, [the Commissioner] determine[s] that he or she can also do sedentary and light work," and (2) the VE's testimony concerning the jobs of inspector-grader and laundry worker expressly accounted for the postural limitations posited by Dr. To.

---

limitations. [See AR at 423-27.] Moreover, the Court notes that while the ALJ had both Dr. Siciarz's opinion and Dr. To's opinion before her when she rendered the 2009 decision, she elected in that decision to adopt Dr. To's opinion concerning plaintiff's postural limitations *over* Dr. Siciarz's opinion that plaintiff does not have any postural limitations.

[7] The Court is not persuaded by defendant's contention that the ALJ's failure to discuss Dr. To's opinion in the instant decision is adequately accounted for by her notation that "[t]he summary of the medical and non-medical evidence contained in the prior decision issued on September 11, 2009 is hereby incorporated except to the extent it is specifically modified or supplemented by this decision" [AR at 17]. [JS at 10.] The ALJ's 2009 decision *adopted* Dr. To's opinion concerning plaintiff's postural limitations, and the instant decision did not. Thus, notwithstanding the above statement by the ALJ in the instant decision, that decision did *not* incorporate her earlier findings concerning Dr. To's opinion, but implicitly rejected his opinion without explanation.

An error is harmless where it is "inconsequential to the ultimate nondisability determination." Robbins v. Comm'r Soc. Sec. Admin., 648 F.3d 721, 728 (9th Cir. 2011) (quoting Stout v. Comm'r of Social Sec. Admin., 454 F.3d 1050, 1055-56 (9th Cir. 2006)). By contrast, an error is not harmless where "there is a reasonable possibility that [the evidence at issue] would have changed the outcome of the present case." See Booz v. Sec'y of Health and Human Servs., 734 F.2d 1378, 1381 (9th Cir. 1984). "[T]he burden is on the party attacking the agency's determination to show that prejudice resulted from the error." McLeod v. Astrue, 640 F.3d 881, 887 (9th Cir. 2011) (citing Shinseki v. Sanders, 556 U.S. 396, 409, 129 S.Ct. 1696, 173 L.Ed.2d 532 (2009)). "Where harmfulness of the error is not apparent from the circumstances, the party seeking reversal must explain how the error caused harm." McLeod, 640 F.3d at 887. Nevertheless, the reviewing court can remand where the circumstances of the case show a substantial likelihood of prejudice from the error -- "[m]ere probability is not enough." Id. at 888.

Here, defendant's harmless error argument fails because relying on the light work jobs of inspector-grader and laundry worker to find that plaintiff is not disabled (based on the record before the Court) fails to meet the Commissioner's burden at step five to identify jobs that exist in significant numbers in the national economy that plaintiff can perform. First, defendant does not dispute that adopting Dr. To's opinion that plaintiff can only occasionally bend, crouch, kneel, crawl, and stoop would preclude plaintiff from being able to perform the jobs of kitchen helper and farm worker, since the DOT describes both jobs as requiring frequent stooping and crouching. See DOT No. 318.687-010, DOT No. 402.687-010. Second, the DOT states that the light work job of inspector-grader identified by the VE does not require more than occasional kneeling or crawling, but also states that this job *does* require frequent stooping and crouching. See DOT No. 409.687-010. While the VE affirmed that her testimony -- that an individual who can only occasionally bend, crouch, kneel, crawl, and stoop can perform the job of an inspector-grader -- was "based on the DOT and other vocational resources identified in the Regulations for determining disability," she did not explain the basis for this apparent conflict between her testimony and the DOT, and thus the Court cannot conclude from the VE's testimony concerning

this job that the ALJ's determination of non-disability is supported by substantial evidence. See Social Security Ruling[8] 00-4p ("When a VE ... provides evidence about the requirements of a job or occupation, the [ALJ] has an affirmative responsibility to ask about any possible conflict between that VE ... evidence and the information provided in the DOT. ... If the VE's ... evidence appears to conflict with the DOT, the adjudicator will obtain a reasonable explanation for the apparent conflict."). Finally, the DOT states that the light work job of laundry worker does not require more than occasional crouching, kneeling, crawling, or stooping, but it does not explicitly state how much *bending* the job requires. See DOT No. 302.685-010. Given that the DOT describes two of the main activities involved in this job as "load[ing] [articles] into automatic washing machine" and "remov[ing] articles from washer and load[ing] into dryer," and that there is no testimony by the VE explaining how such a job would require no more than occasional bending, the Court also cannot rely on the VE's testimony concerning the job of laundry worker to find that substantial evidence supports the ALJ's conclusion that plaintiff has not been disabled since November 17, 2004. See Moncada, 60 F.3d at 523.[9]

/
/
/
/
/
/

---

[8] Social Security Rulings do not have the force of law. Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989).

[9] Plaintiff also contends that because she turned 55 years old on August 1, 2011 (approximately seven months after the ALJ's January 7, 2011, decision); has a limited education; and has no past relevant work, she is now disabled based on the Medical-Vocational Guidelines (i.e., "the Grids"), found at 20 C.F.R., Pt. 404, Subpt. P, App. 2 §§ 201.00-204.00. [JS at 8.] On remand, the ALJ shall also address whether the Grids direct a finding of disability from the time that plaintiff turned 55 years old.

**VI.**

**REMAND FOR FURTHER PROCEEDINGS**

As a general rule, remand is warranted where additional administrative proceedings could remedy defects in the Commissioner's decision. See Harman v. Apfel, 211 F.3d 1172, 1179 (9th Cir.), cert. denied, 531 U.S. 1038 (2000); Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984). In this case, remand is appropriate for the ALJ to properly evaluate Dr. To's opinion.

Accordingly, **IT IS HEREBY ORDERED** that: (1) plaintiff's request for remand is **granted**; (2) the decision of the Commissioner is **reversed**; and (3) this action is **remanded** to defendant for further proceedings consistent with this Memorandum Opinion.

**This Memorandum Opinion and Order is not intended for publication, nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

DATED: April 1, 2013

PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE